IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PERRY CHIROPRACTIC & THERAPY CENTER OF CANTON, LLC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | Civil Action No.: 5:15-cv-2273 |
| | Judge: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| AZCOMP TECHNOLOGIES, INC. and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Perry Chiropractic & Therapy Center of Canton, LLC. ("Perry Chiropractic" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Perry Chiropractic or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against AZComp Technologies, Inc. ("AZComp") and John Does 1-10:

**PRELIMINARY STATEMENT**

1. This case involves AZComp's practice of sending unsolicited advertisements via facsimile.

2. The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

3. AZComp sent an unsolicited advertisement to Perry Chiropractic on the following date: September 15, 2014 ("the 9/15 Fax Ad"). A copy of the 9/15 Fax Ad is attached hereto as

Exhibit A. The 9/15 Fax Ad promotes the commercial availability and/or quality of AZComp's services.

4. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself. A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. Based on information, belief, and the appearance of the 9/15 Fax Ad itself, AZComp also sent the 9/15 Fax Ad to numerous other persons via their respective fax machines. AZComp will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6. On behalf of itself and all others similarly situated, Perry Chiropractic brings this case as a class action asserting claims against AZComp under the JFPA.

7. The claims of Perry Chiropractic and the other recipients of the 9/15 Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining AZComp, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

9. This Court has personal jurisdiction over AZComp because AZComp transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

10. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

11. Perry Chiropractic is an Ohio corporation, and it operates a chiropractic clinic located at 4933 W. Tuscarawas Street in Canton, Ohio 44708.

12. On information and belief, AZComp, Inc. is an Arizona corporation, and its principal place of business is located at 890 W. Elliot Road, Suite 107 in Gilbert, Arizona 85233. AZComp sells software and provides services relating to such software such as training, software support, and other information technology services.

13. John Does 1-10 will be identified through discovery but are not presently known.

## FACTS

14. AZComp sent material to Perry Chiropractic via its office facsimile machine that promoted the commercial availability or quality of AZComp's goods or services on September 14, 2015.

15. Perry Chiropractic had no business relationship with AZComp prior to AZComp's sending of the 9/15 Fax Ad.

16. AZComp did not seek or obtain permission from Perry Chiropractic to send ads to Perry Chiropractic's facsimile machine prior to doing so.

17. Based on information, belief, and the appearance of the 9/15 Fax Ad itself, AZComp also sent the 9/15 Fax Ad to more than forty other persons via facsimile.

## CLASS ACTION ALLEGATIONS

18. In accordance with Fed. R. Civ. Pro 23, Perry Chiropractic brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the 9/15 Fax Ad or similar material (3) by or on behalf of AZComp (4) via facsimile." This class of persons constitutes the putative class members. Perry Chiropractic may amend the class definition after discovery identifies the class members and/or the contours of the class.

19. <u>Numerosity</u>: Based on information, belief, and the appearance of the 9/15 Fax Ad itself, the number of putative class members exceeds forty. 9/15 Fax Ads are typically sent to hundreds if not thousands of persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

20. <u>Commonality:</u> Common questions of law and fact apply to the claims of the putative class members. These include the following:

    (a) Whether the 9/15 Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;

    (b) How AZComp compiled or obtained the list of fax numbers to which the 9/15 Fax Ad was sent;

    (c) Whether AZComp attempted to obtain "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the 9/15 Fax Ad;

    (d) Whether AZComp violated the JFPA and the regulations promulgated thereunder with regard to the 9/15 Fax Ad; and

    (e) Whether AZComp sent the 9/15 Fax Ad intentionally, knowingly, or willfully.

21. <u>Typicality</u>:  Perry Chiropractic's claims are typical of the claims of the putative class members.  Perry Chiropractic is asserting the same claim under the same federal statute as the other members of the putative class.  Perry Chiropractic is also seeking the same relief for itself and the other members of the putative class.

22. <u>Adequacy</u>:  Perry Chiropractic will fairly and adequately represent the interests of the putative class members.  Perry Chiropractic has no interests in conflict with the putative class members, has the experience and inclination to prosecute this action, and has retained experienced counsel to assist it in doing so.

23. <u>Predominance</u>:  The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

    (a)     Perry Chiropractic's claim depends on the same factual and legal issues as that of the putative class members;

    (b)     the evidence supporting AZComp's likely defenses will come solely from AZComp's own records and will not require any information or inquiries from individual class members;

    (c)     the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

    (d)     the identity of the putative class members can be readily ascertained from AZComp or its agents' computer records, phone records, or other business records.

24. <u>Superiority</u>:  A class action would be superior to individual actions by the putative class members for the following reasons:

    (a)     the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b)     the JFPA contains no provision for awarding attorney fees.  As such, individual claimants would, as a practical matter,

    have to proceed *pro se* against a large, sophisticated defendant*;*

 (c) many of the intended recipients are legal entities that would not be permitted to proceed in court *pro se*; and

 (d) the evidence concerning each of the class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## **CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA**

25. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ."  47 U.S.C. 227(b)(1).

26. The JFPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5).

27. AZComp sent the 9/15 Fax Ad to the facsimile machines of Perry Chiropractic and numerous other persons.

28. The 9/15 Fax Ad promotes the commercial availability and/or quality of the goods and/or services of AZComp.

29. Based on information and belief, AZComp, during the four years preceding the filing of this Complaint, sent other unsolicited advertisements to persons via facsimile in violation of the JFPA.  Based on information and belief, AZComp is continuing to send unsolicited advertisements to persons via facsimile in violation of the JFPA and, absent intervention by this Court, will continue to do so.

30. AZComp's conduct has caused Perry Chiropractic and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Perry Chiropractic & Therapy Center of Canton, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant AZComp, Technologies, Inc. and John Does 1-10 as follows:

(1). that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Perry Chiropractic as the representative of the class, and appoint Perry Chiropractic's counsel as counsel for the class;

(2). that the Court award statutory damages for each violation by AZComp;

(3). that the Court enjoin AZComp from additional violations of the JFPA; and

(4). that the Court award pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

PERRY CHIROPRACTIC & THERAPY CENTER OF CANTON, INC., individually and as the representative of a class of similarly-situated persons,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW E. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, Ohio  45202
(513) 241-4722
(513) 241-8775 (fax)
Email:  gjonson@mrjlaw.com
            mstubbs@mrjlaw.com

*Counsel for Perry Chiropractic*